IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EUGENE H. WILLIAMS, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Criminal Action No. H-06-237-2 |
| | § | Civil Action No. H-10-667 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Pending before the Court are Petitioner Eugene H. Williams's, Jr. Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 173) and Respondent United States of America's Response to Petitioner's Motion for Relief Under 28 U.S.C. § 2255 and Motion to Dismiss (Civil Document No. 2, Criminal Document No. 175). Having considered the motions, submissions, and applicable law, the Court determines Petitioner's motion should be denied and Respondent's motion should be granted.

## BACKGROUND

On August 17, 2006, a grand jury charged Petitioner Eugene H. Williams, Jr. ("Williams") by a six count superseding indictment. Count one of the indictment charged Williams with receipt and possession of one or more firearms, listing 39 stun

grenades not registered to Williams in the National Firearms Registration and Transfer Record ("NFRTR"), in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. Count two charged Williams with receipt and possession of unlawfully transferred firearms, listing 34 destructive devices, in violation of 26 U.S.C. §§ 5812, 5861(b) and 5871. Count three charged Williams with possession of a firearm, listing one precision ordinance tactical blast stun grenade not registered to Williams in the NFRTR, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. Count four charged Williams with possession of a firearm, listing one destructive device not registered to Williams in the NFRTR, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. Count five charged Williams with possession of one or more firearms, listing five destructive devices not identified by a serial number, in violation of 26 U.S.C. §§ 5842(c), 5861(i) and 5871. Count six charged Williams with aiding, abetting, counseling, and assisting in the unlawful storage of high explosives, listing 78 destructive devices, in violation of 18 U.S.C. §§ 2, 842(j) and 844(b), and 27 C.F.R. § 55.201 (1987).

On September 21, 2006, Williams entered a plea of not guilty to all charges against him. On November 6, 2006, Williams filed notice of a Public Authority Defense declaring he acted with public authority during the time period of the charged offenses. Williams listed four law enforcement agencies he was involved

with and four agency members on whose behalf he acted, while naming 22 witnesses he intended to rely upon in support of his claim to the public authority defense. The Government responded on November 14, 2006 denying that Williams "possessed any requisite public authority in fact to negate his guilt." The Government argued that the Cypress Creek Emergency Medical Services ("CCEMS"), an agency Williams claimed to be involved with, is a private paramedical business and thus does not have the ability to grant public authority according to Rule 12.3 of the Federal Rules of Criminal Procedure. The Government further contested that while it is true that Williams was employed as a reserve officer with the Hempstead Police Department, the agency was not the registered possessor of any of the charged destructive devices and thus could not have granted public authority to Williams. Moreover, the Government stated that Williams had never been an employee of the other two law enforcement agencies that he claimed to be involved with; therefore, any transfer to him by these agencies would still require registration in the NFRTR. The Government further proffered that none of the agency members Williams claimed he acted on behalf of would testify that they granted any public authority upon Williams for the charged violations.

During a pre-trial conference held on November 30, 2006, the Court discussed the issue of a public authority defense indicating that it would allow Williams to

present evidence of a defense but noted that a jury instruction on the defense may not be established. On December 4, 2006, Williams proceeded to a jury trial. During trial, the Government inquired several times as to the basis for establishing the defense of public authority. At the close of the case, the jury was excused and Williams's counsel presented evidence justifying the establishment of a jury instruction on the public authority defense. After hearing the Government's position, the Court denied the request to provide a jury instruction on the public authority defense. On December 14, 2006, the jury returned a verdict convicting Williams as charged.

On April 20, 2007, Williams was sentenced to a total of 120 months imprisonment under all counts. On the same day, Williams's trial counsel filed a notice of appeal. Shortly thereafter, Williams's attorney successfully moved to withdraw and attorney David Adler was appointed to represent Williams on appeal. On December 18, 2008, the Fifth Circuit affirmed the judgment of the Court.

On February 26, 2010, Williams timely filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). Williams asserts that his appellate counsel rendered ineffective assistance by failing to raise "the best issue on appeal: that the district court erred by refusing to instruct the jury

on the defense of public authority."[1] The Government contends Williams's counsel was not deficient for failing to raise on appeal the denial of an instruction on the public authority defense because an attorney's failure to pursue a meritless argument "cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." Accordingly, the Court must determine whether Williams establishes that he received ineffective assistance of counsel because appellate counsel allegedly failed to raise the best issue on appeal.

## STANDARD OF REVIEW

To maintain a successful collateral attack under § 2255, a petitioner must overcome a considerably more stringent standard of review than would exist on direct appeal. *See United States v. Frady*, 456 U.S. 152, 166 (1982); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Once a defendant has waived or exhausted his opportunity to appeal, a court is entitled to presume the defendant stands fairly and

---

[1] In an attachment to his § 2255 motion, Williams makes a secondary claim of ineffective assistance of trial counsel. The attachment identifies facts that Williams claims were not included in trial that allegedly demonstrate his trial counsel rendered ineffective assistance. However, Williams does not specify *how* trial counsel's assistance was ineffective, but merely makes conclusory statements. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (holding that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.").

5

finally convicted. *Frady*, 456 U.S. at 164–65. After a conviction becomes final, on collateral attack a defendant may only raise issues of constitutional or jurisdictional magnitude. *Shaid*, 937 F.2d at 232. In addition, once issues in a particular case have been raised and decided on a direct appeal, they are barred from collateral review under § 2255. *United v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 476 U.S. 1118 (1986).

## LAW & ANALYSIS

Williams contends his conviction and sentence should be vacated because he was deprived of his Sixth Amendment right to effective assistance of counsel. Williams asserts he received ineffective assistance because his appellate counsel failed to raise what Williams believed to be the best issue on appeal: that the Court erred by refusing to instruct the jury on the defense of public authority. The appellate counsel instead argued that the statute Williams violated was unconstitutionally vague, which Williams believed to be a weaker argument.

A claim of ineffective assistance of counsel is properly raised in a § 2255 motion because it raises issues of constitutional magnitude, which generally cannot be resolved on direct appeal. *See United v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate: (1) the counsel's performance was deficient; and (2) the deficient

6

performance prejudiced the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005). Generally, to prove deficient performance, a petitioner must show: (1) "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment;" and (2) the attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. To prove prejudice, the petitioner must show that his or her attorney made such serious errors that the petitioner was deprived of a fair trial. *Id.* at 687. Stated differently, a petitioner must show that "but for counsel's errors, there is a reasonable probability that the final result would have been different . . ." *Ramirez v. Dretke*, 398 F.3d 691, 698 (5th Cir. 2005) (citing *Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998)). A failure to establish either prong of the *Strickland* test "will defeat an ineffective assistance of counsel claim." *Ramirez*, 398 F.3d at 698 (citing *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998)).

The movant bears the burden of proving that he is entitled to relief. *Moya v. Estelle*, 696 F.2d 329, 332 (5th Cir. 1983). Moreover, in determining whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Scrutiny of counsel's performance should

be highly deferential, and a court should be careful not to second-guess counsel's legitimate strategic choices. *Id.* at 694; *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993). Representation is not ineffective merely because, with the benefit of hindsight, the reviewing court disagrees with counsel's strategic choices. *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill-chosen that it permeates the entire trial with obvious unfairness." *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983) (citing *Fitzgerald v. Estelle*, 505 F.2d 1334 (5th Cir. 1975)). Moreover, "an attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

Williams contends his counsel was deficient for failing to attack the Court's refusal to instruct the jury on the defense of public authority. Williams asserts he "reasonably believed [he] had the authority to possess the devices at issue." Therefore, Williams must prove that but for his attorney's failure to raise this issue on appeal, there is a reasonable probability that the case would not have been affirmed by the Fifth Circuit. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th

Cir. 2000). Williams cannot make such a showing.

Williams's counsel's failure to raise this issue would not have changed the outcome of the appeal and thus was not deficient because Williams was unable to meet the required elements to establish the affirmative defense of public authority.[2]

"The public authority defense is available when the defendant is engaged by a government official to participate or assist in covert activity." *United States v. Spires*, 79 F.3d 464, 466 n.2 (5th Cir. 1996). Any claims Williams makes giving him the right to engage in the conduct he was charged with is belied by the record in this case.

First, there was no evidence that a government official had the authority to empower Williams to engage in the acts to which he was found guilty. In his pre-trial notice of a public authority defense, Williams identified Royce Glenn Smith, Charles A. Malouff, Jr., Charlie Jones, and Brad England as the authorizing government agents on whose behalf he acted. However, during trial, all four agents testified that they had no authority and did not empower Williams to engage in the charged conduct.[3] Thus, Williams already failed to meet one element of the defense.

---

[2] Williams claims that the facts identified in his attachment to his § 2255 motion were excluded from his appeal by his appellate counsel. However, even assuming these facts are true, Williams does not meet the elements of the affirmative defense of public authority.

[3] In his rebuttal to the Government's response, Williams admits that Smith testified that he gave no authority for Williams to engage in the charged conduct. However, Williams asserts that the testimony is inconsistent with the "police departments sponsorship of the

9

Moreover, there was no evidence of a covert activity that Williams was involved in which required an authorizing government official to empower Williams to engage in the criminal acts with which he was convicted. Thus, Williams failed to meet another element of the defense.

Williams also testified that he relied upon an understanding between the Federal Bureau of Investigation, the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the Texas National Guard, and the Texas Department of Public Safety, and the Cypress Creek Advanced Tactical Team ("CCATT") of CCEMS, an agency Williams was involved with, to establish the defense of public authority. Williams supplied letters illustrating agreements between the agencies and CCATT. However, not only were the letters written by Williams while he was employed by ATF between 1989 and 1998, but the letters also did not indicate that CCATT was authorized to possess or transfer any flash bang or stun grenades thereafter.

Williams cannot prove that his appellate counsel was ineffective—that the

---

tactical training programs" and that his trial counsel failed to address this fact. However, Williams's subjective belief that his counsel should have made certain arguments or used evidence in a particular way, but failed to do so, does not render his counsel's performance deficient. *See United States v. Nguyen*, 504 F.3d 561, 576 (5th Cir. 2007). Moreover, the Court cannot construe the arguments trial counsel failed to make as anything other than trial strategy, and this strategy cannot be said to be "so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002).

outcome would have been different absent counsel's alleged deficiencies. *See Strickland*, 466 U.S. at 693. Williams's appellate counsel did not provide ineffective assistance by failing to attack the district court's denial to instruct the jury of the public authority defense because Williams did not meet the elements of the defense. Thus, the Court finds Williams's claims are without merit, his § 2255 motion should be denied, and his petition should be dismissed.[4] Accordingly, the Court hereby

ORDERS that Petitioner Eugene H. Williams's, Jr. Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No.1, Criminal Document No. 57) is DENIED. The Court further

ORDERS that Respondent United States of America's Response to Petitioner's Motion for Relief Under 28 U.S.C. § 2255 and Motion to Dismiss (Civil Document

---

[4] In his rebuttal to the Government's response, Williams also contends that his trial counsel rendered ineffective assistance by failing to address the congressional intent of the statute. Again, representation is not ineffective merely because, with the benefit of hindsight, counsel's strategic trial choices proved ineffective. Moreover, the Fifth Circuit expressly affirmed the Court's judgment and addressed the constitutionality and application of the statute, thus, the issue is not subject to consideration in the instant proceeding. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 476 U.S. 1118 (1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)) (explaining that the court is not required to deal with issues disposed of on direct appeal). Therefore, because Williams has produced no evidence that his counsel's performance fell below an objective standard of reasonableness, Williams's claim for ineffective assistance of trial counsel fails.

No. 2, Criminal Document No. 175) is GRANTED. The Court further

ORDERS that Petitioner's claims are DISMISSED WITH PREJUDICE.

THIS IS A FINAL JUDGMENT.

SIGNED at Houston, Texas, on this __1__ day of July, 2010.

DAVID HITTNER
United States District Judge